FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 2 0 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FAITH KRAMER,

                  Plaintiff,

    -against-

THE CITY OF NEW YORK,

                  Defendant.

------------------------------------------------------------X

**COMPLAINT**

**09    1167**

WEINSTEIN, J.
REYES, M.J

Plaintiff, FAITH KRAMER, by her attorney, DUANE C. FELTON, complaining of the Defendants, respectfully shows and alleges as follows:

FIRST:        This action is brought pursuant to 42 U.S.C. § 1983 and § 1988. Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1334. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

SECOND:        That at all times mentioned herein, the Plaintiff, FAITH KRAMER, was and still is a resident of the County of Richmond, City and State of New York.

THIRD:        That at all times hereinafter mentioned, the Defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

FOURTH:        That U.S.C. § 1983 provides that every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected any citizen of the United states or other person within the jurisdiction thereof the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress.

FIFTH:      That at all times relevant to this complaint, the Plaintiff has been employed by Defendant as a tenured teacher at Intermediate School 72, Staten Island, New York and from 2002 until 2006 she also held the position of Dean of Students.

SIXTH:      That Plaintiff was assigned to teach physical education and health education to sixth and seventh grade students at I.S. 72.

SEVENTH: That the health curriculum supplement mandated that class instruction include discussion about the nature of HIV/AIDS and how it is transmitted.

EIGHTH:   That on or about September of 2007 a parent or parents complained to the then principal about the language being used in the health education course. The Plaintiff was immediately removed from the class room , transferred to an administrative detention building and barred from signing up for  per session work pending an investigation of the complaint.

NINTH:    The Defendant's investigation of the complaint was not completed until June of 2008 and the Plaintiff was permitted to return to the school in September of 2008. However, the Plaintiff is still barred from taking on extra per session assignments for extra income.

TENTH:      That upon information and belief, the Defendant's action of barring the Plaintiff from performing school and teaching duties was a violation of the Constitutional rights of the Plaintiff as secured by the First Amendment of the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

2

ELEVENTH:  That as a proximate result of the aforesaid acts and omissions by the Defendant, the Plaintiff has suffered general and pecuniary damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE Defendant

TWELFTH:        That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "NINTH " of the complaint with the same force and effect as if fully set forth herein.

THIRTEENTH:       That as a tenured teacher, the Plaintiff has a constitutionally protected right to compensation and employment therefor and she was deprived of these rights by the Defendant without due process of law and in violation of her rights secured by the Fifth Amendment of the Constitution of the United States, through 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

FOURTEENTH:       That as a proximate result of the aforesaid acts and omissions by the Defendant, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THE Defendant FOR NEGLIGENT SUPERVISION

FIFTEENTH:        That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "NINTH " of the complaint with the same force and effect as if fully set forth herein.

3

SIXTEENTH:        As an employer, the Defendant CITY OF NEW YORK is obligated to train and supervise its administrative staff to assure that they do not violate the constitutional rights of tenured teaching staff.

SEVENTEENTH:        In this regard, the Defendant failed to properly train and supervise its administrative staff to protect the constitutional rights of its tenured teachers and thus were directly responsible for the acts of the said employees in violating the constitutional rights of the Plaintiff.

EIGHTEENTH:        That as a proximate result of the aforesaid acts and omissions by the Defendant, the Plaintiff has suffered both general and pecuniary damages and severe emotional distress.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE Defendant FOR BREACH OF CONTRACT

NINETEENTH:        That the Plaintiff repeats and realleges the allegations contained in paragraphs "FIRST" through "NINTH " of the complaint with the same force and effect as if fully set forth herein.

TWENTIETH:        That the Defendant breached it employment contract with the Plaintiff by immediately removing her from the school without giving the Plaintiff the opportunity to contest the charges.

TWENTY-ONE:     That the Plaintiff was teaching her class in full compliance with the HIV/AIDS curriculum and thus her removal from the school was arbitruary and

4

capricious.

TWENTY-TWO:    That once the charges were determined to be unfounded, the Defendant continues to black list the Plaintiff by barring her from signing up for per session and after school assignments.

TWENTY-THREE: That as a direct result of the Defendant's continuing actions, the Plaintiff has suffered significant pecuniary and special damages.

A jury trial of all issues is demanded.

WHEREFORE, Plaintiff requests judgment against Defendant CITY OF NEW YORK, as follows:

1.    General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First, Second, Third and Fourth, causes of action,

2.    As against Defendant, CITY OF NEW YORK, General and Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First, Second, Third and Fourth causes of action asserted against it, and

3.    Reasonable attorney's fees, pursuant to 42 U.S.C.A § 1988,

4.    the costs of this action,

5.    and such other and further relief as may be just and proper.

Dated:      March 13, 2009                        DUANE C. FELTON
                                                  *Attorney for Plaintiff*
                                                  805 Castleton Avenue
                                                  Staten Island, NY 10310